## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District  Massachusetts | |
|---|---|---|
| Name (under which you were convicted):<br>Trevor Watson | | Docket or Case No.:<br>10-10133 |
| Place of Confinement:<br>FCI Terre Haute | | Prisoner No.:<br>19876-038 |
| UNITED STATES OF AMERICA | | Movant (include name under which you were convicted) |
| v. | | Trevor Watson |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Federal District Court for the District of Massachusetts
   1 Courthouse Way
   Boston, MA

   (b) Criminal docket or case number (if you know): 10-10133

2. (a) Date of the judgment of conviction (if you know): 3/11/2011

   (b) Date of sentencing: 3/10/2011

3. Length of sentence: 360 months

4. Nature of crime (all counts):
   Tampering with a witness, 18 USC s.1512(a)(1)(A)&(C).

5. (a) What was your plea? (Check one)

   (1)  Not guilty ☑     (2)  Guilty ☐     (3)  Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☑     Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☑

8. Did you appeal from the judgment of conviction?   Yes ☑   No ☐

9. If you did appeal, answer the following:

   (a) Name of court:  First Circuit Court of Appeals

   (b) Docket or case number (if you know):  11-1294

   (c) Result:  Court affirmed my conviction.

   (d) Date of result (if you know):  9/25/2012

   (e) Citation to the case (if you know): 695 F.3d 159

   (f) Grounds raised:
Government presented prior bad act evidence in violation of federal evidentiary rules 404(b) and 403.
Government's closing argument was improper.

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☑

    If "Yes," answer the following:

    (1) Docket or case number (if you know):

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

    (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐   No ☑

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❏  No ❏

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❏   No ❏

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:          Yes ❏   No ❏

(2)  Second petition:       Yes ❏   No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:**
My attorney failed to present and exclude evidence in violation of the 6th and 5th Amendments.*

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
See attached memorandum of law and affidavits.

*Trial counsel's failure to investigate, present, and argue affirmative evidence that Best status as an informant was not the real motive behind the stabbing and his failure to keep from the jury speculative evidence on this issue constituted ineffective assistance of counsel in violation of the Sixth Amendment.

(b) **Direct Appeal of Ground One:**
(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ❑   No ☑
(2) If you did not raise this issue in your direct appeal, explain why:
I am arguing ineffective assistace of counsel.

(c) **Post-Conviction Proceedings:**
(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ❑   No ☑
(2) If your answer to Question (c)(1) is "Yes," state:
Type of motion or petition:
Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue:


**GROUND TWO:**

My attorney failed to object to improper prior bad act evidence in violation of 5th and 6th Amendments. **

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

See attached memorandum of law and affidavits.

    **Trial counsel's failure to object to the Court's instructions that it had judicially noticed a one-sided narrative that suggested that Watson had a propensity to tamper with witnesses, as well as counsel's failure to keep from the jury Agent Tomasetta's affidavit laying out Watson's history of prior violent convictions, constituted ineffective assistance of counsel in violation of the Sixth and Fifth Amendments.

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

    I am arguing ineffective assistance of counsel.


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑    No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑    No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ❑  No ❑

   (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ❑  No ❑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):


   (3) Did you receive a hearing on your motion, petition, or application?

       Yes ❑   No ❑

   (4) Did you appeal from the denial of your motion, petition, or application?

       Yes ❑   No ❑

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

       Yes ❑   No ❑

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

The defendant did not raise the Sixth Amendment grounds because the courts have repeatedly stated that ineffective-assistance claims should usually be raised in the first instance in section 2255 motions.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?    Yes ☐   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:
Martin K. Leppo, 7 Christy's Drive, Brockton, MA 02301

(b) At arraignment and plea:
Same

(c) At trial:
Same

(d) At sentencing:
Same



(e) On appeal:
Kevin L. Barron, 92 State Street, 6th Fl., Boston, MA 02109

(f) In any post-conviction proceeding:
Michael R. Schneider, GOOD SCHNEIDER CORMIER, 83 Atlantic Ave. Boston, 02110

(g) On appeal from any ruling against you in a post-conviction proceeding:
N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ❑ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ❑ No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?      Yes ❑  No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you

must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not

bar your motion.*

My appeal was decided September 25, 2012 and a petition for rehearing was timely filed. The petition for rehearing was denied October 17, 2012. I had until January 15, 2013, until my conviction became final, because I filed no petition of certiorari to the Supreme Court of the United States. Therefore, I have until January 15, 2014, to file my petition within the one-year statute of limitations.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Vacate my conviction, or at least grant an evidentiary hearing give me leave to further supplement my evidence in support of the issues raised in the attached memorandum in support of my motion for relief under 2255 , grant me any other relief to which I am entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

　　　　　(month, date, year).

Executed (signed) on ___1/14/14___ (date).

/s/ Trevor Watson,                    By [signature] ATTORNEY
_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.